St. Louis, Iron Mountain & Southern Ry. Co.
*v.* Cunningham Commission Co.

Opinion delivered October 23, 1916.

1. Carriers—damage to interstate shipment.—The initial carrier of an interstate shipment of freight, who issues its bill of lading therefor, is liable for damages caused by it or by any connecting carrier over whose line it passed before it reached its destination.

2. Carriers—damage to freight—presumption and liability—connecting carriers.—Freight, which appellee shipped over defendant railway's line, was rejected by the consignee, and was reshipped to appellee, the freight having passed over the line of a connecting carrier. The freight was in a damaged condition when received back by the appellee. *Held*, the delivering carrier was liable

for the damage, for in the absence of proof to the contrary the law presumes the damage occurred on account of the negligence of the delivering carrier.

3. Carriers—damage to freight—connecting carriers.—Where goods were consigned from Little Rock, Arkansas, to Corpus Christi, Texas, and passed over the lines of connecting carriers, and the consignee at Corpus Christi refused to accept the same because they were in a damaged condition, and the goods were reshipped to the consignor who sued the receiving carrier, who was also the delivering carrier, for the damage, the burden is upon the said carrier, in order to escape liability to show that the transit of the shipment had terminated in Corpus Christi, and that the damage occurred because of the negligence of the consignee in failing to receive and unload the shipment after it arrived at its destination.

4. Carriers—Damage to freight—burden of proof.—Where goods are delivered to a carrier in sound condition, and it issues its bill of lading therefor, and the shipment is damaged before delivery, the burden rests upon the carrier, if it would escape liability, to show that at the time of loss, that its liability as a common carrier had terminated.

Appeal from Pulaski Circuit Court; Third Division. *G. W. Hendricks*, Judge; affirmed.

*E. B. Kinsworthy* and *W. G. Riddick*, for appellant.

The evidence is not sufficient to show authority in Fullenwider to bind appellant by agreements with reference to either of the cars involved in this case.

Neither the fact of agency nor its extent or authority is established by declarations of the agent. 80 Ark. 298; 92 Ark. 315; 90 Ark. 104. Authority of the agent is never proven by the mere fact that the person claiming the power has exercised it; it must also be proved that the person to be charged as principal assented to such act. 105 Ark. 446; *Id.* 111; 24 N. E. 827.

*Chas. Jacobson*, for appellee.

Fullenwider was general freight claim agent of appellant at Little Rock. He had handled many claims for appellee under identical conditions as this case, and in no instance had his authority to make settlement been questioned. The evidence also shows that by wiring and correspondence he satisfied himself

in the matter, then gave appellee orders what to do. 105 Ark. 111, 113-114; 179 S. W. (Tex.) 887; 114 Ark. 303.

HART, J.   Appellee sued appellant to recover damages to two cars of chops shipped over the latter's line of railroad from Little Rock, Ark., to Corpus Christi, Texas.   The material facts are as follows:

Appellee, Cunningham Commission Company, is a domestic corporation engaged in selling grain by wholesale at Little Rock, Ark.   In November, 1911, appellee received an order to ship two cars of chops to Corpus Christi, Texas.   The order was accepted and the two cars were delivered to appellant for shipment over its line of railroad.   The cars were consigned to shipper's order and drafts attached to the bills of lading.

The two cars were shipped respectively November 20 and 22, 1911.   Both cars were consigned to M. Bennett Grain Company, Corpus Christi, Texas, with directions to notify Taylor Grain & Hay Co. of the same place.   Appellant issued its bill of lading to appellee, and the latter paid the freight on the shipment. The shipment was carried over appellant's line of railroad and its connecting carriers in order to reach its destination.

The agent for the terminal carrier testified that both cars according to his recollection arrived at destination about the last of November, 1911.   That Taylor Grain & Hay Company was notified of its arrival.   That said company would not receive the cars until it was allowed to inspect same.   That after an examination of the cars was allowed and made, it refused to receive same on the ground that the grain had become wet and damaged.   The agent stated that one of the cars had a leaky roof.   That one of the cars was shipped back to Little Rock.

The officers of appellee testified that they sent the bill of lading with draft attached to the consignee for each of the two cars; and that the consignee refused

to take up the drafts on the ground that the chops were damaged in transit. That they took the matter up with Mr. Fullenwider, the freight claim agent of appellant with whom they had taken up dozens of such claims before. That it was finally agreed between them that the claim would be settled. That according to the agreement, the consignee received one car with a reduction of $100.00. That pursuant to the direction of Fullenwider the other car was shipped back to Little Rock, and delivered to appellee to be sold to the best advantage. That Fullenwider expressly agreed to pay appellee the damages sustained by it. They also testified that an examination of the car when it was returned to Little Rock showed that it had holes in it and that the chops had been damaged by rain leaking in on the chops. They also testified to the amount of the damages. The car was shipped back to Little Rock during the first part of January, 1912.

The case was tried before the circuit judge sitting as a jury. From a judgment in favor of appellee, appellant prosecutes this appeal.

Counsel for appellant urges that the evidence is not legally sufficient to sustain the finding of the court. The damage to the chops and the amount thereof was shown by evidence, which was not disputed. The record also shows that appellee shipped 2 cars of chops over appellant's line of road from Little Rock, Ark., to Corpus Christi, Texas, consigned to M. Bennett Grain Co., with directions to notify Taylor Grain & Hay Company. The chops were carried over connecting lines of appellant to reach their destination. Subsequently one of the cars was shipped back to Little Rock under the direction of appellant's freight claim agent. The car of chops was delivered to appellant in good condition and was damaged when it was returned to Little Rock.

(1) The shipment was an interstate one. Appellant was the initial carrier and issued its bill of lading

for the chops consigned to Corpus Christi. It thereby became liable to the lawful holder of the bill of lading for any damage to the chops caused by it or any connecting carrier over whose line it passed before it reached its destination. *K. C. So. Ry. Co.* v. *Mixon,* 107 Ark. 48. So if the corn was damaged while en route to Corpus Christi, appellant is liable.

(2) Again the undisputed testimony shows that one of the cars of chops was shipped back to Little Rock and re-delivered to appellee and that it was in a damaged condition when appellee received it. So if the chops were damaged between Corpus Christi and Little Rock on the return trip, appellant is liable because in the absence of proof, the law presumes that the damage occurred on account of the negligence of the delivering carrier. *St. L. I. M. & S. Ry. Co.* v. *Hudgins Produce Co.,* 118 Ark. 398; *St. L. I. M. & So. Ry. Co.* v. *Home Oil & Manufacturing Co.,* 122 Ark. 201.

(3) But it is insisted by counsel for appellant that the damage might have occurred at Corpus Christi through the negligence of the consignee. The station agent of the terminal carrier testified that the consignee refused to receive the corn because it was in a damaged condition, and said he did not have any personal recollection as to whether or not the corn was in a damaged condition when it arrived at Corpus Christi.

The burden was upon the appellant to show that the transit of the corn had terminated and that the loss or damage occurred because of the negligence of consignee in failing to receive and unload the corn after it arrived at destination.

(4) While the burden was upon appellee to make out its cause of action, when it was once shown that appellant received the corn in good condition and issued its bill of lading for the corn consigned to some person at Corpus Christi, the relation of common carrier was shown, and the burden was shifted to appellant to show that at the time of loss its liability as such common carrier had terminated. *Peoria & Pekin*

*Union Railway Co.* v. *United States Rolling Stock Co.,* 136 Ill. 643, 29 Am. St. Rep. 348. No evidence was introduced by appellant on this question. Hence under the undisputed evidence the court was warranted in finding for appellee.

: Counsel for appellant also insists that there is no competent testimony to show that Fullenwider had authority to settle this claim and that the court erred in admitting testimony to the effect that Fullenwider had agreed to settle the claim. It is also claimed that the court erred in admitting other testimony. Having reached the conclusion that the appellee is entitled to recover under the undisputed evidence, it is unnecessary to consider these assignments of error. For if the appellee was entitled to recover under the undisputed evidence, which is competent, appellant could not have been prejudiced by the admission of other evidence, even if incompetent.

The judgment will, therefore, be affirmed.