## CHICAGO, R. I. & P. RY. CO. v. PRUITT.

No. 8073—Opinion Filed March 12, 1918.

(171 Pac. 718.)

(Syllabus.)

**Carriers — Bill of Lading — Claim by Shipper — Sufficiency.**

A claim for the value of a shipment of grain misdelivered by the carrier is sufficiently made to satisfy the requirements of the bill of lading that any claim based on failure to make delivery shall be made in writing within four months after the time for delivery has elapsed, where it appears that the defendant and the plaintiff negotiated a settlement of plaintiff's claim by letter before the expiration of the four-month period, and that the claim was declined after the expiration of such period on grounds other than that plaintiff had not complied with the four-month clause of the bill of lading.

Error from County Court, Garvin County; W. R. Wallace, Judge.

Action by J. H. Pruitt against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. J. Roberts, C. O. Blake, W. H. Moore, and John E. Du Mars, for plaintiff in error.

C. L. McArthur, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, praying for judgment in the sum of $81.81 and costs, for the loss of a quantity of grain out of a certain shipment made from Galva, Ill., to Lindsay, Okla., over the lines of the defendant railway company. The cause was tried upon an agreed statement of facts, with bill of lading attached, after consideration of which the trial court entered judgment for the plaintiff in the amount claimed, to reverse which this proceeding in error was commenced.

The bill of lading for the shipment is upon the standard form approved by the Interstate Commerce Commission, and contains a clause requiring the claim for loss or damage to be made in writing to the carrier at the point of delivery or origin, within four months after delivery. The agreed statement of facts, in so far as it is necessary to notice it, reads as follows:

"It is agreed that no written claim was filed with the defendant by the plaintiff in the period of four months, as is required by said bill of lading for the loss of any part thereof, and it is further agreed that the defendant and the plaintiff negotiated settlement of plaintiff's claim by letter both before and after the expiration of the four-month period above referred to, and that the claim was declined on other grounds than that plaintiff has not complied with the four-month clause of the bill of lading."

The only assignment of error presented for review raises the question whether the foregoing agreed statement of facts shows a substantial compliance with the four-month clause of the bill of lading. We are of the opinion that it does. The case at bar seems to be similar in many respects to Georgia. F. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948. In that case the uncontroverted evidence showed that the shipper, having made an investigation in response to the communication of the traffic manager of the railway company, telegraphed to the latter five days after the arrival of the goods at destination as follows:

"We will make claim against railroad for entire contents of car at invoice price. Must refuse shipment, as we cannot handle."

In the preceding telegrams which passed between the parties the shipment had been adequately identified, so that this final telegram established beyond question the particular shipment referred to. The Circuit Court of Appeals found from this evidence that no claim was filed by the shipper as required by the bill of lading. The Supreme Court, assuming that this finding was in effect a construction of the four-month provision, as requiring a more formal notice than that which was actually sent, held that, as the notice given apprised the carrier of the character of the claim of the plaintiff, it sufficiently complied with the provisions.

Similarly in the case at bar it was agreed that no written claim was filed within the period of four months, but it was also stipulated that the parties had negotiated a settlement by letter within that time, which was afterwards repudiated by the company; and, unless we assume that the first part of the stipulation has reference only to a formal claim in writing in strict compliance with the provision, the subsequent part thereof serves no purpose whatever. As counsel seem to agree that the four-month clause cannot be waived, the agreed statement of facts must have been drawn in the form in which we find it for the purpose of presenting the questions whether the negotiated settlement of plaintiff's claim by letter before the expiration of the four-month period constituted a substantial compliance with the four-month clause of the bill of lading, and whether such compliance constituted the making of a claim within the meaning of the provision.

Inasmuch as it is now settled that these questions must be answered in the affirmative (Georgia, F. & A. Ry. Co. v. Blish Milling Co., supra), the action of the trial court to that effect must be affirmed.

All the Justices concur.