CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* WALKER.

Opinion delivered January 24, 1921.

1. CARRIERS — NEGLIGENCE — SUFFICIENCY OF EVIDENCE.—Evidence that a carload of vegetables was properly iced when shipped, and that when received it was in a damaged condition on account of a lack of refrigeration, *held* to sustain a finding of negligence on part of the carrier.

2. CARRIERS—DAMAGE TO SHIPMENT—PRESUMPTION.—Proof of damage to a shipment during transit raises a presumption of negligence, and places on the carrier the burden to overcome that presumption.

3. CARRIERS—MEASURE OF DAMAGES TO SHIPMENT.—Where vegetables were damaged in transit by failure of the carrier to ice the car, the measure of damages is the difference between their market value in the undamaged condition at the place of destination and their market value in the damaged condition.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy*, Judge; affirmed.

*Thos. S. Buzbee, Geo. B. Pugh* and *C. L. Johnson,* for appellant.

1. The testimony failed to show negligence on part of defendant and fails to sustain the verdict under the allegations of the complaint plaintiffs assumed the burden of proof, and the evidence failed to show negligence.

2. The verdict is excessive. The only testimony before the jury, that of Edward Coyne, shows that the damage to the radishes was not more than $3 per barrel. The judgment should be reversed or the judgment reduced in line with the testimony of the consignees.

*Hays & Ward* and *Neill Bohlinger,* for appellees.

1. The evidence shows negligence. The radishes were in good condition when loaded, and on arrival were in damaged condition. This raises a presumption of the carrier's negligence, which was not overcome by any testimony. 125 Ark. 577. The finding of the jury is clearly in accord with the preponderance of the testimony.

2. The verdict is not excessive. The measure of damages is well established (129 Ark. 316), and the testimony shows the verdict is not excessive but very reasonable.

McCulloch, C. J. Appellees instituted this action against appellant to recover damages alleged to have been sustained on account of negligence in the transportation of a carload of radishes and other vegetables shipped by appellees from Dardanelle, Arkansas, to a firm of brokers or commission merchants in Chicago. It is claimed that the negligence consisted of the failure of appellant to properly ice the car, and that as a result the radishes became heated and greatly depreciated in value.

It is first contended that the testimony was not sufficient to sustain the verdict. The carload of vegetables was shipped from Dardanelle by appellees April 20, 1917. There were eighty-seven barrels and six baskets of radishes and two barrels and twenty-four baskets of onions in the car. The vegetables were tied in bunches

or packed in baskets and barrels with about forty or fifty pounds of ice on top of each barrel and tow sacks and hoops were placed around the barrels. Mr. Walker, one of the appellees, testified that he found no ice in the bunkers when the car was ready to move, and that he purchased at his own expense two or three thousand pounds of ice and put it in the car. One of the men connected with the firm of brokers in Chicago testified that when the car was received there the radishes were in a damaged condition on account of lack of refrigeration, and that most of the vegetables were heated and were damaged to the extent that they sold for considerably less than the market price. He gave as his opinion that the damage was caused by lack of proper refrigeration, and that if the barrels were properly iced when loaded in the car the injury must have resulted from lack of refrigeration in transit. The testimony of Mr. Walker, one of the appellees, was sufficient to show that the barrels were properly iced at the time they were loaded in the car; so we are of the opinion that the evidence was sufficient to sustain the finding that there was negligence in failing to properly ice the car while in transit. It is true that the testimony adduced by appellant tended to show that there was proper icing of the car while in transit and that at three different points the car was reiced, but that merely raises a conflict in the testimony as to whether or not there was sufficient icing. Proof of damage to the shipment raised the presumption of negligence, and the burden rested on the carrier to overcome that presumption. *St. L., I. M. & S. Ry. Co.* v. *Cunningham Com. Co.,* 125 Ark. 577.

It is also contended that the verdict is excessive, but we are of the opinion that the evidence was sufficient to support the finding in that respect. There was direct testimony as to the market value of the vegetables on the day of the arrival of the car in Chicago, and also there was direct proof as to the market value of the vegetables on that day in the damaged condition they were in when

they arrived. The measure of damages is the difference between the market value in the undamaged condition of the commodity and the market value in its damaged condition, and the jury upon evidence sufficient to support the finding adopted that measure in awarding the damages in this case.

The judgment is therefore affirmed.