MISSOURI PACIFIC RAILROAD COMPANY v. ALMA CASH
STORE.

## Opinion delivered May 4, 1925.

1. CARRIERS—MEASURES OF VALUE OF PROPERTY DAMAGED.—A provision in a bill of lading limiting the carrier's liability to the value of the property at the time and place of shipment is in conflict with the Cummins Amendment to the Interstate Commerce Act (U. S. Comp. St. § § 8592, 8604a).

2. CARRIERS—MEASURE OF DAMAGES TO PERISHABLE FREIGHT.—The measure of damages to interstate shipments of perishable commodities is the difference between their market value at the point to which they were shipped at the time and in the condition in which they should have arrived, and their market value at the time and in the condition in which they actually arrived, whether the damage resulted from delay in furnishing or transporting the car or from failure to refrigerate it.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*Thomas B. Pryor* and *Vincent M. Miles*, for appellant.

*Starbird & Starbird*, for appellee.

HUMPHREYS. J. This is an appeal from a judgment for $723.70 rendered in favor of appellees against appellant on three separate verdicts in three separate suits which were consolidated and tried together in the circuit court of Crawford County. The suits were for damages to peaches on three interstate shipments from Alma, Arkansas, to different points in Iowa.

A reversal of the judgment is sought upon the sole ground that the trial court instructed the jury that appellee's damage, if any, should be based upon the value of the fruit at the point of origin. The alleged erroneous instruction given by the court on the measure of damages is as follows:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under the bill of lading, including the freight charges, if paid."

The instruction requested by appellant and refused by the court relating to the amount of damages, applicable to the facts in the case, is as follows:

"You are instructed that the measure of damages on this shipment is the difference in the market value of the car of peaches at the point to which it was shipped at the time and in the condition it should have arrived there and at the time and in the condition it actually arrived at the point of destination."

As we understand the evidence in the case, the first car of peaches was sold on the track at Alma to W. M. Hansen & Son, of Dubuque, Iowa, for $1.85 per bushel, and were shipped to that concern by appellee at appellee's risk, but were damaged so badly in transit, because appellant failed to refrigerate and transport the car, that W. M. Hansen & Son refused to account to appellee on the basis of the contract price, but accounted therefor on the basis of the amount realized for the peaches, less freight and other charges. The second car of peaches was sold on the track at Alma to Hubbard-Lanning Company of Ames, Iowa, for $1.25 per bushel, which was also damaged so badly in transit, because appellant failed to properly refrigerate and transport the car, that Hubbard-Lanning Company refused to account to appellee on the basis of the contract price, but accounted therefor on the basis of the amount realized from the sale of the peaches, less the freight and other charges. The third car was sold on order for $1.25 per bushel on the track at Alma, and shipped in the same way to the purchaser in Cedar Rapids, Iowa, but were so badly damaged, on account of appellant's delay in furnishing a car at Alma in which to ship them, that said purchaser refused to account to appellee on the basis of the contract price, but accounted therefor on the basis of the amount realized from the sale of the peaches, less the freight and other charges.

The bills of lading under which the several cars were shipped contained the following condition:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid."

The court based its instruction as to the measure of damages applicable to the facts in the case upon the condition aforesaid contained in the several bills of lading. This provision in the bills of lading is an attempted limitation upon the liability of common carriers, and is contrary to the Cummins Amendment to the Interstate Commerce Act of March 4. 1915, 4 Fed. Stat. Ann., 2nd ed. 506. *Chicago, Milwaukee & St. Paul Ry. Co.* v. *McCaull-Dinsmore Co.,* 253 U. S. 97.

The correct rule as to the measure of damages in interstate shipments of perishable commodities caused through the negligence of the common carrier is the difference in the market value of the commodity at the point to which it was shipped at the time and in the condition it should arrive there and at the time and in the condition it actually arrived at the point of destination. This rule was announced in the recent case of *C. R. I. & Pac. R. Co.* v. *Walker,* 147 Ark. 109. Any other rule would enable common carriers to make more favorable shipment contracts with some shippers than others, and thereby establish a system of rebates, and would enable vendors and vendees to secretly contract for a higher price than the market value of their commodities at points of designation, for the purpose of establishing the amount of damages to be recovered from the carrier in case of loss or injury caused through its negligence. It does not follow, however, that testimony as to the contract price at the place of origin would not be admissible as evidence tending to show the market value of the commodity at the point of destination, for perishable commodities, when sold at the point from which they are shipped, are usually contracted on the basis of the market value of such commodities where they are to be consumed. The

evidence of the contract price, however, would not necessarily be conclusive of the market value of such commodities at the point of destination.

We think the rule thus announced is applicable to the facts in the instant cases, whether the damage resulted from a delay in furnishing cars or in transit or whether it was due to the failure to properly refrigerate the cars.

On account of the error indicated the judgments are reversed, and the cause is remanded for a new trial.