RAILWAY EXPRESS AGENCY, INC., *v.* H. ROUW COMPANY.

4-2639

Opinion delivered July 11, 1932.

*A. M. Hartung* and *Warner & Warner,* for appellant.
*D. H. Howell,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the circuit court of Washington County to recover damages growing out of the shipment of a car of strawberries from Mansfield, Arkansas, to Denver, Colorado.

In addition to alleging specific acts of negligence on the part of appellant as grounds for a recovery, appellee alleged appellant's negligent failure to deliver the berries in as good condition as they were when it received them for shipment.

Appellant filed an answer denying the material allegations of the complaint.

Before the introduction of any testimony, appellee elected to rely upon its allegation of appellant's common-law liability, and the case was tried and submitted upon that theory, resulting in a verdict and consequent judgment against appellant for $434.60, from which is this appeal.

The testimony introduced by appellee was to the effect that, when the berries were delivered to and accepted by appellant for shipment, they were firm and otherwise in good condition. According to expert inspection, they were U. S. No. 1, but, when delivered to the consignee, they had deteriorated in quality from ten per cent. in some crates to forty-five per cent. in others. This proof raised the presumption under the allegation of

common-law liability that appellant had negligently failed in its duty in properly caring for the berries in transit and cast the burden of proof upon appellant to show that the deterioration was not due to any negligence on its part.

Appellant first contends for a reversal of the judgment on the ground that the undisputed evidence reflects that it properly iced the refrigerator car containing the berries to maintain the temperature therein to preserve the berries, and that the deterioration in quality was the result of rhizopus and leather rot. The United States expert inspector, as well as other witnesses who made an inspection of the berries when they reached their destination, testified that the tape of the recording thermometer in the car showed a final reading of 44 degrees. This thermometer was placed in the car after it was sealed at Mansfield for shipment one foot above the load and eighteen inches back of the door and registered the temperature on the tape attached during the period of transportation. The tape itself was introduced in evidence and inspected by the jury. According to the registration on the tape, the temperature in the car was reduced to 65 degrees by twelve o'clock on the night of the 10th of May to 60 degrees at noon on May 11, to 52 degrees by midnight, and to 44 degrees at noon May 13, when the car was delivered to the consignee. After leaving Monett, the car was not re-iced until it arrived in Kansas City, at which time the ice in the bunkers was four inches below the top. It was not again re-iced until the car arrived in Pueblo, twenty-four hours later, at which time the ice was twenty-six inches below the top of the bunkers. D. C. Buel testified, as an expert, that, if the berries had been properly cared for in transit, they would have stood up in good marketable condition for six or eight days.

In view of the testimony detailed above, we cannot agree with appellant that the undisputed evidence reflects that it maintained the proper temperature in the car by sufficient icing to preserve the berries. According

to the testimony, for the first thirty hours in transit, the temperature remained above fifty degrees and never did get down to 44 degrees until the car reached its destination. The high temperature maintained in the car, together with the fact that the ice in the bunkers was permitted to sink down four inches at one time and twenty-six inches at another before being re-iced, and together with the further fact that the berries would have remained in good marketable condition for six or eight days if properly cared for in transit, are strong circumstances in contradiction of the testimony introduced by appellant to the effect that it sufficiently iced the car to have preserved the berries in transit. The verdict and judgment are supported by substantial evidence.

The testimony set out above differentiates the instant case from the case of *Railway Express Agency, Inc.,* v. *S. L. Robinson & Company,* 184 Ark. 660, 43 S. W. (2d) 543, cited and relied upon by appellant as ruling this case.

Appellant also contends for a reversal of the judgment because the trial court erred in refusing to give its requested instructions Nos. 2 and 7. These instructions relate to negligent delay in delivery of the berries, and were properly refused because appellee elected not to rely upon that specific allegation of negligence and introduced no evidence upon that issue.

Appellant also contends for a reversal of the judgment because the court refused to give its requested instructions Nos. 3 and 4. These instructions relate to negligence in failing to furnish proper equipment. These specific allegations of negligence were likewise abandoned by appellee before any evidence was introduced, so the instructions were properly refused. They were not responsive to either the pleadings or testimony introduced in the case.

Appellant also contends for a reversal of the judgment because the court gave appellee's requested instruction No. 3 relating to measure of damages. The instruction conforms to the law relative to the measure of dam-

ages announced in the following cases: *C. R. I. & P. Ry. Co.* v. *Walker,* 147 Ark. 109, 227 S. W. 12; *M. P. Rd. Co.* v. *Alma Cash Store,* 168 Ark. 823, 271 S. W. 453.

Appellant also contends for a reversal of the judgment because written notice of its claim was not filed within the time specified in the uniform express receipt issued and delivered to appellee by appellant when it received the berries for shipment. The provision provided in the express receipt is as follows:

"Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, as condition precedent to recovery claims must be made in writing to the originating or delivering carriers within six months after the delivery of the property, or, in case of failure to make delivery, then within six months and fifteen days after date of shipment."

The notice given was in the form of a letter and is as follows:

"H. Rouw & Company, Van Buren, Arkansas.
"Shippers of Fruits & Vegetables, Distributors of
Bushel Baskets, Fruit & Vegetable Packages
"Van Buren, Ark., Nov. 9, 1929.
"R. E. Turner,
"Claim Agent Ry. Ex. Agcy.,
"Little Rock, Arkansas.

"This is to notify you that car strawberries IC 4843 from Mansfield, Ark. May 10, 1929, to Denver, Colo., was damaged account of improper refrigeration and handling in transit.

The exact amount of loss will be determined as soon as possible, and we request you make thorough investigation, as we will file claim against you for loss sustained.
"Yours truly,
"H. Rouw Company,
"By D. C. Buel.
"Mailed Nov. 9, 1929."

The letter was written and mailed within six months after the delivery of the berries to the consignee, and within time for appellant to have received it before the time expired. D. C. Buel testified that later he notified appellant of the amount claimed for damages. We think the letter complies substantially with the clause in the receipt requiring notice to be given.

No error appearing, the judgment is affirmed.