**MINOT BEVERAGE CO. v. MINNEAPOLIS & ST. LOUIS RY. CO.**

Civ. No. 1602.

District Court, D. Minnesota,
Fourth Division.

April 15, 1946.

294

Sidney G. Blacker (of Blacker & Blacker), of Minneapolis, Minn., for plaintiff.

C. W. Wright, John C. De Mar, and Richard Musenbrock, all of Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

The facts are stipulated. They are as follows: On May 29, 1944, 736 cases of brandy, each containing 12 4/5 quart bottles of brandy, were delivered to the Pennsylvania Railroad Company at South Philadelphia, Pennsylvania, for shipment to the plaintiff. The goods were shipped over the lines of the Pennsylvania Railroad Company, the Illinois Central Railroad Company, and the Minneapolis and St. Louis Railway Company, defendant herein, and were delivered to plaintiff at Minneapolis, Minnesota, by the latter railroad on June 5, 1944. Shortly thereafter (on June 26, 1944), plaintiff discovered that four cases of the brandy were missing from the shipment and that 233 additional bottles were in a broken condition.

On February 7, 1945, plaintiff's agent wrote defendant the following letter:
" *. * *

Gentlemen:

Will you please refer to your pro number 3463 of June 8, 1944, covering a shipment of 736 cases of brandy and imported wines weighing 35,420 pounds which was shipped from the Imported Liquors Company of Philadelphia, Pennsylvania, to the Kedney Warehouse Company of Minneapolis, Minnesota.

Believe your records will indicate that there was some damage in connection with this shipment and in a short time a claim will be filed against you by the Minot Beverage Company of Minot, North Dakota, for the amount of loss in this connection.

I am merely writing this letter in behalf of the Minot Beverage Company in order that your files may indicate that a claim is pending which will be handed in as soon as complete information is obtained.

Yours very truly,

H. H. Janke."

HHJ J

On March 29, 1945, the plaintiff wrote defendant as follows:
" * * *

Gentlemen:

Will you please refer to our letter of February 7 in which we informed you that a claim would be filed on your pro 3463 of June 3, 1944.

Our claim for $1000.12 is attached hereto covering the breakage to this car of 736 cases of LaSaurex Brandy. At the time this car reached Minneapolis 4 cases were completely empty and there were 233 bottles of fifths broken making a total of 23 5/12 cases of brandy short.

A certified copy of Invoice No. 11070 issued by M. A. Hoencke, 720 Metropolitan Life Building, Minneapolis, Minnesota, is attached hereto. This established the cost price to us of $42.71 per case.

A copy of the freight bill, invoice and inspection report issued by Kedney Warehouse of Minneapolis, Minnesota, is attached hereto which we believe gives you complete information on the claim.

We shall ask that you kindly pass this claim for immediate payment since we believe you have all the necessary information to verify our claim. If additional information is required, will you kindly advise us promptly.

* * *"

Defendant contends that plaintiff cannot collect because it failed to file its claim for such loss and damage within the time required by the bill of lading. The bill of lading provides: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export), or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not

instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

Defendant's contention raises the sole issue of the case, for defendant recognizes the correctness of the amount claimed and also the existence of the loss and damages claimed. Because, as the parties recognize, the letter of February 7, 1945, was the only pertinent communication between plaintiff and defendant prior to the end of the nine month period of limitation, the issue is narrowed to the question, Does the letter of February 7, 1944, constitute the filing of a "claim" within the meaning of the bill of lading provision noted? Defendant contends, and plaintiff does not dispute, that if defendant pays a claim from which it is relieved by reason of this provision, it would be granting an unlawful preference.

Analysis of the cases and the problem seems to require the conclusion that the letter of February 7, 1945, does state a "claim" within the meaning of the bill of lading. The case of Georgia, Florida & Alabama Ry. v. Blish Milling Company, 1915, 241 U.S. 190, 36 S.Ct. 541 543, 60 L.Ed. 948, contained a provision in the bill of lading therein involved which was essentially identical with the one in this case. It declared that "claims for loss, damages, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the delivery of the property * * *." The shipper (plaintiff there) had sent the carrier (defendant there) a group of telegrams, the last one saying, "We will make claim against railroad for entire contents of car at invoice price. Must refuse shipment as we cannot handle." Speaking of the time limitations contained in the bill of lading provision and determining if a "claim" as required by the bill of lading had been submitted to the railroad, the then Justice Hughes declared for a unanimous court, 241 U.S. at pages 196, 198, 36 S.Ct. at page 545: "* * * The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation."

And further: "* * * In the preceding telegrams, * * * the shipment had been adequately identified, so that this final telegram, taken with the others, established beyond question the particular shipment to which the claim referred, and was in substance the making of a claim within the meaning of the stipulation,—the object of which was to secure reasonable notice. We think that it sufficiently apprised the carrier of the character of the claim * .* *. Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency and it is to be construed in a practical way."

These principles and observations seem applicable to the instant case. For the object of the provision in the instant bill of lading, like that of the provision in the Milling Company bill of lading, is to enable the railroad to secure reasonable notice of claims against it so that a prompt investigation can be made. No other objective has been suggested. That the provision must be interpreted in the light of its purpose seems both reasonable and necessary, for nothing in the context of the provision aids in explaining the meaning of the word "claim". To confine the term to narrower limits than the situation against which the parties intended to guard would seem unreasonable. For theory, not intent and practicality, would then determine its meaning.

The first paragraph of the letter of February 7 identified the shipment by express reference to defendant's pro number; it indicated the shipment's contents, weight, and points of shipment and destination, including the warehouse involved. It also declared that the goods were damaged. Certainly, with this information given in the letter, defendant should have had no difficulty in correctly investigating the loss and thereby satisfying the objective of the provision in the bill of lading. Reference to the above quotation from the Milling Company case will show that this letter furnished defendant with just as much information as the telegrams in the Milling Company case furnished the carrier therein. The fact that the letter contains a future tense does not control. The facts in their entirety control. United States v. Kales, 1941, 314 U.S. 186, at page 196, 62 S.Ct. 214, 86 L.Ed. 132. This seems clear from the Milling

Company case already noted. For the future tense also was used in that case. Railway Express Agency, Inc. v. Rouw Co., 1932, 186 Ark. 111, 52 S.W.2d 624, also contains a "claim" written in the future tense. The shipper was allowed recovery in that case also.

In Bond Stores v. Overland Package Freight Service, 1939, 171 Misc. 135, 13 N.Y.S.2d 928, the court appears to have stated the elements of which the carrier must be apprised before a "claim" is stated within the meaning of a uniform bill of lading. Although this case comes from a New York Municipal Court, it appears to soundly state the rule followed by the majority of courts which have decided the question.

■ Defendant's contention that the February 7th letter was only a "notice of claim" and not a "claim" seems untenable in view of the authorities cited and the rules and discussion already stated. It should not be overlooked that the difference between a notice of claim and a claim actually is one of degree in most instances. A "claim" can also be a "notice of claim", and often a "notice of claim" also can constitute a "claim". The difference between them really depends in most instances upon the strictness of the construction adopted. To draw a fine distinction seems contrary to the object of the bill of lading provision. The words neither require nor justify a close distinction. Defendant does not claim that the provision could be interpreted strictly against plaintiff. Nothing in the provision requires that the claim be submitted in great detail in order to be a "claim". It need not be "proven" at the time of submission. Detailed statements or documentary supplements are not required. Georgia, F. & A. Ry. v. Blish Milling Co., supra; Railway Express Agency v. Rouw Co., supra. All that is required, in view of its object, is a statement in practical and clear language which gives defendant sufficient information upon which a prompt and complete investigation can be based. Defendant does not contend here that the instant letter did not give sufficient information for that purpose. The letter clearly shows an intent by the writer (who wrote it on behalf of the plaintiff) that defendant's files should show that plaintiff had a claim against defendant for damages to the designated merchandise. That was the avowed purpose of the letter. Because plaintiff may have believed it necessary to file subsequently a more detailed form concerning the amount due does not mean that the objective of the provision was not satisfied by the first letter, or that plaintiff did not intend that the letter should also constitute a registry with defendant of its claim against defendant.

■ Defendant's contention that the Milling Company case and the rules enunciated therein should not be precedent here because the instant bill of lading was framed pursuant to Section 20(11) of the Interstate Commerce Act, 49 U.S.C.A. § 20(11), whereas the bill of lading in the Milling Company case was not framed under any such statute, seems unsustainable. The bill of lading in the Milling Company case does not refer to "notice of claim" any more than does the present bill of lading or the statute under which it is framed. The Supreme Court there was concerned with whether the shipper had filed a "claim", and that was the question which it decided. Because Section 20(11) formerly (before the present amendment) contained a requirement that a "notice of claim" also be filed is of no particular importance, in that the present section does not include such a provision and the Milling Company case was not decided under a bill of lading framed under those prior sections. Defendant's inference that Congress intended to preserve a close distinction between a "notice of claim" and "claim", even though it abolished the requirement that both be filed, seems untenable. The deletion of the requirement for a notice of claim fairly implies just as clearly that Congress recognized the similarity between the notice and the claim and intended to avoid much of the trouble which arose in determining whether a given communication was a claim or only a notice of claim. The liberal construction which was adopted by Mr. Justice Hughes in the Milling Company case seems justifiable here. Defendant cites no cases which require a contrary conclusion. The premises already noted sustain it.

On the stipulated facts, therefore, plaintiff is entitled to receive the sum of $1,000.12 requested in its complaint. Findings of fact and conclusions of law in harmony herewith may be submitted by plaintiff.

An exception is reserved to the defendant.