EVEREST et al. v. RAILWAY EXPRESS AGENCY, Inc.

No. 34006.   March 27, 1951.
Rehearing Denied May 8, 1951.

*230 P. 2d 900.*

Butler & Rinehart, Oklahoma City, for plaintiffs in error.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, Oklahoma City, for defendant in error.

JOHNSON, J. This is an action by Howard Everest, Jean Everest, Ruth Everest and Harvey Everest, a partnership, d/b/a Mid-Continent News Company, against the Railway Express Agency, Inc., a corporation, commenced in the court of common pleas of Oklahoma county, Oklahoma, for the recovery of the value of a package of merchandise shipped on July 10, 1946, through said express agency from Oklahoma City, Oklahoma, to Publishers Distributing Corporation, Ossining, New York.

The plaintiffs alleged that the value of the merchandise was the sum of $737.64; that the property had been lost by the defendant in transit, and that they had filed written claim with defendant on December 30, 1946, and that the defendant had refused on demand to pay the loss.

The defendant answered admitting receipt of the merchandise for shipment, and that it had not been able to make delivery of the shipment or to furnish proof that it had been delivered; but alleged as a defense that the plaintiffs had failed to file a written claim for the loss of the merchandise within nine months and fifteen days after the shipment as provided by their contract of shipment, to wit:

"As conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within nine months after delivery of the property, or, in case of failure to make delivery, then within nine months and fifteen days after date of shipment; . . ."

and that by reason thereof plaintiffs were not entitled to recover.

Plaintiffs' reply denied the allegations of defendant, and alleged that plaintiffs first filed their claim in writing for the package in question by letter to defendant on December 30, 1946; that further correspondence and negotiations were carried on between plaintiffs and defendant regarding the loss and payment therefor; that thereafter, on June 13, 1947, the defendant by letter to plaintiffs advised and requested them to file a formal claim on one of defendant's forms, and enclosed such form blanks to plaintiffs; that thereupon plaintiffs complied with defendant's request and prepared and filed the formal claim on June 18, 1947. That there was other correspondence by the defendant which informed plaintiffs that their proper officers were handling the matter, leading plaintiffs to believe that payment would be made, until May 20, 1948, when the defendant notified

plaintiffs by letter that their claim had been rejected because the formal claim had been presented more than nine months and fifteen days after the shipment was made.

A jury was waived, and the cause was heard by the court, after which the case was taken under advisement, and later judgment was rendered in favor of the defendant. After unsuccessful motion for new trial, plaintiffs appealed.

It is the contention of the plaintiffs that the written claim of loss required of a shipper to a carrier, as a condition precedent to filing an action, must notify the carrier of the particular shipment and the nature and character of the loss; but that it is not required to be on any special or prescribed form.

The material question presented for our consideration is: Did plaintiffs' letters to the defendant on December 30, 1946, and on January 31, 1947, comply with the stipulation in the express receipt requiring that "as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier, . . . in case of failure to make delivery . . . within nine months and fifteen days after date of shipment?"

As to the sufficiency of a claim for loss of property shipped, the stipulation requiring such claim to be in writing is to be given a liberal or reasonable construction, and no particular form of claim is necessary, that neither formality nor technical exactness is necessary; that a substantial compliance with the stipulation is all that is required. It is addressed to a practical exigency, and it is to be construed in a practical way. If presented in time and the form required, it is sufficient if it gives the carrier reasonable notice of the character of the demand. 13 C. J. S., Carriers, §239; Chicago, R. I. & P. Ry. Co. v. Pruitt, 68 Okla. 58, 171 P. 718.

The evidence is brief and principally consists of written exhibits, including the express receipt above referred to and correspondence relating to the shipment.

The express receipt is dated July 10, 1946, and embraces three separate shipments, two of which were to New York City and not involved in this action, and the third one to Ossining, New York, which consisted of four packages of magazine covers taken from old magazines weighing 116 pounds and valued at $3,000.

Three of the packages comprising the Ossining shipment were delivered by defendant, but it failed to deliver one package. On July 12, 1946, plaintiffs made another shipment to the same destination and consignee consisting of one package of magazine covers valued at $250.

On December 30, 1946, plaintiffs wrote the defendant the following letter:

"Gentlemen:

"On July 10, 1946, your company picked up four packages of magazine covers valued at $3,000 to be delivered to the Publishers Distributing Corporation, Ossining, New York. These packages weighed 116 pounds, and the prepaid charges amounted to $11.74. On July 12, 1946, your driver picked up one package valued at $250.00 consigned also to the Publishers Distributing Corporation in Ossining, New York. Our receipt does not show the weight of this package, but the prepaid charges were $1.88.

"We have been advised by the Publishers Distributing Corporation that they have made a careful check of their records and do not show receipt of all of these particular bundles. They have asked that we get a signed delivery receipt showing that these shipments were made and received 'without exception' before they credit our account. Will you please send us copies of the delivery receipts in question showing receipt 'without exception' so we may forward them to the Publish-

ers Distributing Corporation and secure our credit?

"Your prompt attention will be appreciated.

"Very truly yours,

"Mid-Continent News Company,
"By Frank J. Kunc.
"FJK/ps"

On January 31, 1947, plaintiffs wrote another letter as follows:

"Dear Sir:

"This will reply to your letter of January 20 wherein you enclosed a copy of your delivery record for the shipment covered by our claim for magazine covers shipped to the Publishers Distributing Corporation, Ossining, New York, under date of July 12, 1946. We wish to advise that this is still not the proper signed receipt that we requested. This receipt covers only one package, and the shipment we wanted traced was one sent from this office under date of July 10, weighing 116 pounds containing four packages.

"We would therefore appreciate it very much if you would show delivery receipt for this shipment.

"Sincerely yours,

"Mid-Continent News Company,
"By Frank J. Kunc.
"FJK/ps"

Defendant on February 8, 1947, wrote plaintiffs the following letter:

"Att: Mr. Kunc

"Gentlemen:

"Replying to your letter of January 31st with reference to the subject shipment, which consisted of four packages:

"Wish to advise that I have been furnished with record of delivery of this shipment by our District Accountant at New York City, which shows that only three of the four packages in the shipment were delivered to the consignee, this delivery having been made under date of July 26, 1946.

"To assist us in our further effort to locate the missing package, would thank you to furnish me with a certified copy of your express receipt on which the shipment was given to us for forwarding, and if possible a complete description of the contents of the missing package.

"Yours truly,

"/s/ G. E. GOWING
"General Agent

"L: A"

We observe that all quoted communications, including the last letter, were within the prescribed time limit of nine months and fifteen days from the date of shipment, and, obviously, gave the carrier reasonable notice of the character of the demand. The letters gave the date of the shipment, the name and address of the shipper, and to whom shipped, the number of packages, their weight, express charges, contents and value, and that the same had not been delivered to the consignee. Unquestionably, this constituted a substantial compliance with the clause of the express receipt requiring that a claim in writing be made in case of failure to make delivery within nine months and fifteen days from date of shipment. 13 C. J. S., Carriers, §239, supra; Chicago, R. I. & P. Ry. Co. v. Pruitt, supra; Annotation, 175 A. L. R. 1163 et seq.

However, the defendant contends that these letters did not constitute a substantial compliance with the provision of the express receipt, but show that plaintiffs were desirous of obtaining proof of delivery in order to hold the consignee for the price, rather than proof of nondelivery in order to hold the carrier, and that the letters were merely requests for defendant to trace the lost shiipment. To sustain this contention it cites several cases, but we deem it necessary to consider only the cited case of United Mut. Fire Ins. Co. v. Railway Express Agency, Inc., 323 Mass. 354, 82 N. E. 2d 215. There in the opinion it was said:

"On July 3, 1944, Russell Electric Company sent a letter to the defendant, addressed to its tracing department, the material part of which was as fol-

lows: 'Consignee has reported that only 14 of the boxes were delivered, and we ask that you check and show proof of delivery of the entire 15 boxes that were turned over to your driver.'"

And after citing various and sundry cases, including Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 36 S. Ct. 541, 241 U. S. 190, 60 L. Ed. 948, enunciating the different and apparently conflicting rules relative to such matters, it was held that the letter to the defendant of July 3, 1944, did not constitute a "claim" within the language of the receipt.

An examination of the letters in the case at bar shows that they were addressed to the originating or delivering carrier and not to defendant's tracer department as in the cited case. Defendant in its argument that the letters were requests to trace a lost shipment and not a claim for failure to deliver property emphasizes the statement of plaintiffs in their letter of January 31, 1947, wherein they said: ". . . the shipment we wanted traced . . ." and apparently overlook the prior statement in the letter where plaintiffs referred to " . . . our claim for magazine covers shipped. . ." But regardless of these distinctions, the rule followed in the cited case does not prevail in this jurisdiction. We recognize the liberal rule announced in the Blish Milling Co. case, supra, which was approved by us in the Pruitt case, supra, and followed in Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., 65 F. Supp. 293, and others.

The defendant recognizes the failure to deliver the property, its loss and amount of damages claimed therefor, but as a further contention asserts that no formal claim was presented by plaintiffs until June 18, 1947, which was more than the nine months and fifteen days from date of shipment specified in the express receipt as the time limit for presenting claims for nondelivery.

It is true that the plaintiffs made, at the request of the defendant to do so, a "formal claim" on one of defendant's blank forms, after the expiration of nine months and fifteen days from the date of the shipment, but where a claim sufficient in substance is filed within the time limited by the contract, the fact that another claim is filed after the expiration of the time fixed will not prevent a recovery under the first claim. 13 C.J. S., Carriers, §239, supra (and cases cited thereunder).

We therefore hold, as a matter of law, that the letters involved herein were sufficient in substance to constitute a written claim within the terms of the express receipt, entitling plaintiffs to recover the amount of damages caused by defendant's failure to deliver the property of plaintiffs.

The cause is reversed, with directions to vacate the judgment for the defendant and to render judgment for plaintiffs.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur.