**THOMPSON v. JAMES G. McCARRICK CO., Inc.**

**No. 14277.**

United States Court of Appeals Fifth Circuit.

June 30, 1953.

Rehearing Denied Aug. 20, 1953.

Leslie S. Lockett, Corpus Christi, Tex., Hutcheson, Taliaferro & Hutcheson, Houston, Tex., Kleberg, Mobley, Lockett & Weil, Corpus Christi, Tex., of counsel, for appellant.

John C. North, Jr., Corpus Christi, Tex., North, Blackmon & White, Corpus Christi, Tex., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This consolidated appeal from judgments in two cases involves appellee's right to recover damages to four carload shipments of tomatoes, forwarded through appellant as initial carrier from the Rio Grande Valley of Texas and delivered in New York City by the Pennsylvania Railroad. The three claims involved in C.A. 579 were ad-

dressed to the Pennsylvania Railroad but were delivered to the Railroad Perishable Inspection Agency (hereinafter referred to as the R.P.I.A.), while the one claim involved in C.A. 580 was delivered to an agent of the Pennsylvania Railroad.

The parties have stipulated that the only question for determination with respect to the claims involved in C.A. 579 is whether they constituted valid claims in writing filed with an authorized agent of the carrier as required by the bills of lading. There is no dispute that the claim in C.A. 580 was filed with the proper agent of the carrier, and the only inquiry is whether the written instrument filed constituted a valid claim.

The District Court found there was a valid claim filed as to each of the four shipments and that the R.P.I.A. was authorized to act for appellant in receiving the three claims in which its agency was disputed. Judgments were accordingly entered for appellee for the stipulated amounts due, from which judgments appeals were taken and here consolidated.

Each of the four shipments upon which the claims in suit are based were transported under a separate bill of lading form approved by the Interstate Commerce Commission, with a provision known as 2(b) in pertinent part as follows:

"As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property * * *. Where claims are not filed * * * in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

The above provision of the bills of lading is authorized by that part of the Carmack Amendment, 49 U.S.C.A. § 20(11), reading as follows:

"*Provided further,* That it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice".

Thus the statute and the bill of lading provision drawn thereunder, though authorizing and providing for a period of limitation within which "claims" for damaged shipments must be filed, do not specify what shall constitute a valid claim, or the essential elements thereof. The type instrument filed and relied upon by appellees as a claim with respect to the three shipments in C.A. 579 is in each instance entitled "Statement of Protest", and with variations as to dates, car numbers and claimed condition of individual shipments upon arrival, reads in accordance with sample form as follows:

"176366–15

Statement of Protest.

5/26/44
Pier 28                               Place
Penna.                                R.R.
Yeckes & Eichenbaum        Consignee
By virtue of authority vested in us by

---

We hereby protest car 93305
Commodity Tomatoes
for the following condition:
              Decay
5/27/44—                  1 :00 a.

                              R P I A
M   19                        W C
As a means of cooperation if each and every condition is not verified a joint inspection is requested.
If not verified notify consignee or writer immediately.
McCabe Inspection Service
Inspectors of Perishable Commodities
97 Warren Street                      3854
New York City, Cortlandt 7           3853
By J. A. Coma
This is Consignee's Claim
For $150.00 More or Less"

The instrument relied upon as a claim in C.A. 580 is termed by appellant a "Placement Notice" and reads as follows:

"ordered 12:30 PM 5/23   176361–13
(3013)

Telephone CAnal 6–1500
   Yeckes-Eichenbaum, Inc.
   335 Washington Street,
      New York 13, N. Y.
      5/23/1944

Penna. R. R.
   N. R.

      Car No. FGE 35424
Pier        File No. 3013

Dear Sir:

Confirming phone conversation of to-day, please have available at P 29 for MARKET OF 5/24/44 car of Toms for L&Ry (sic). We are protesting this car for any loss, damage and/or delay, that has occurred to this property and are hereby also entering claim for $100.00 subject to correction for such loss, damage and/or delay.

You are hereby notified that we are agents only and have no beneficial title in the property contained in this car.     M 14
The beneficial owner is
Name -------------------------------

Address ----------------------------
      Very truly yours,
      Yeckes-Eichenbaum, Inc.
      By (Illegible signature)

----------------------
      Traffic Department.
This notice is given pursuant to the provisions of amended par. (2) of Sec. 3 of the Interstate Commerce Act, effective March 4, 1927."

■■■ The validity and proper construction of a bill of lading covering an interstate shipment is governed by Federal law. Adams Express Co. v. Croninger, 226 U.S. 491, 507, 508, 33 S.Ct. 148, 57 L.Ed. 314; Cleveland, C. C. & St. L. Ry. v. Dettlebach, 239 U.S. 588, 593, 36 S.Ct. 177, 60 L.Ed. 453; Southern Ry. Co. v. Prescott, 240 U.S. 632, 636, 36 S.Ct. 469, 60 L.Ed. 836; St. Louis, Iron Mountain & Southern Ry. Co. v. Starbird, 243 U.S. 592, 37 S. Ct. 462, 61 L.Ed. 917. Moreover, the Carmack Amendment "casts upon the initial carrier responsibility with respect to the entire transportation" and a provision in a bill of lading requiring notice of claims for damaged shipments "is not to be construed in one way with respect to the initial carrier, and in another with respect to the connecting or terminal carrier." Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196, 36 S.Ct. 541, 544, 60 L.Ed. 948. "The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation." Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., supra; see Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., D. C., 65 F.Supp. 293, 295. In holding a telegraphic notice of claims for damage to a shipment of flour sufficient in the Blish Milling Co. case, 241 U.S. at page 198, 36 S.Ct. at page 545, the Court laid down the rule thus:

"Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency and it is to be construed in a practical way. The stipulation required that the claim should be made in writing, but a telegram which, in itself, or taken with other telegrams contained an adequate statement, must be deemed to satisfy this requirement."

■■■ In an action brought under the Carmack Amendment, 49 U.S.C.A. § 20 (11), all the shipper and holder of a bill of lading is required to do to establish a *prima facie* case is to show delivery in good condition, arrival in damaged condition, and the amount of his damages, whereupon the burden shifts to the carrier to show the cause of damage and that it is not liable therefor. Delphi Frosted Foods Corp. v. Illinois Cent. R. Co., 6 Cir., 188 F. 2d 343; Lee Roy Crawford Produce Co. v. Thompson, Tex.Civ.App., 228 S.W.2d 344. As the District Court held, the details as to origin of shipment, place or cause of damage, and whether it is due to fault of the

carrier or shipper, which appellant insists are essential elements of a valid claim, are actually defensive matters as to which the carrier can and should exercise its investigative powers at once. Such facts are more readily available to the carrier than to the shipper or consignee. There is no requirement that a written instrument be submitted in detail or that the cause and exact amount of damage be stated thereon in order to constitute a valid claim.

■■ Here, the so-called "Statement of Protest" filed as to the three shipments involved in C.A. 579 was in each instance dated, the location was given, they were addressed to the delivering carrier and identified the shipment, and after setting forth the fact of damage, contained the notation, "this is consignee's claim for $150.00 more or less". Much the same information is contained on the so-called "Placement Notice" involved in C.A. 580, as well as the following additional notation: "We are protesting this car for any loss, damage and/or delay, that has occurred to this property and are hereby also entering claim for $100.00, subject to correction for such loss, damage and/or delay." Certainly these instruments supplied "sufficient information upon which a prompt and complete investigation can be based." [1] Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., D.C., 65 F. Supp. 293, 296; West Coast Marketing Corp. v. New York, N. H. & H. R. Co., City Ct., 106 N.Y.S.2d 15.

Admittedly the R.P.I.A., the inspection agency of the delivering carrier receiving the claim, had actual notice of the damage and an opportunity to make a full investigation, which the Supreme Court held in the Blish Milling Co. case supra, was the primary purpose of filing the claim. Under such circumstances, we think there has been sufficient compliance with the provision of the bills of lading and that the instruments filed constituted valid claims.

See 9 Am.Jur., Carriers, Sec. 796; 175 A.L.R. 1162, et seq.; 13 C.J.S., Carriers, § 239, page 480; see also, Everest v. Railway Express Agency, Inc., 204 Okl. 450, 230 P.2d 900; E. H. Emery & Co. v. Wabash R. Co., 183 Iowa 687, 166 N.W. 600; Bond Stores, Inc., v. Overland Package Freight Service, Inc., 171 Misc. 135, 13 N.Y.S.2d 928; Cf. Delphi Frosted Foods Corp. v. Illinois Cent. R. Co., supra; Hopper Paper Co. v. Baltimore & O. R. Co., 7 Cir., 178 F.2d 179, certiorari denied 339 U.S. 943, 70 S.Ct. 797, 94 L.Ed. 1359.

■ Appellant contends that the instruments relied upon as claims do not constitute a good faith compliance with the bill of lading requirement as to notice because they were not filed by McCabe Inspection Service, appellee's agent, to secure an inspection and investigation, but were filed in practically all cases of damage to shipments only for the purpose of tolling the statute of limitations; that evidence as to custom and practice in the trade would show that the parties themselves did not regard the protests as amounting to claims, but generally filed more formal claims within the limitation period to comply with the notice requirement, so that the present informal instruments should be construed as nothing more than mere requests for inspection; and that to require carriers to accept such instruments as claims would be impracticable and impose upon them the burdensome expense of wholesale inspection and investigation of all shipments in which any written demand for damages, however informal, is filed.

We do not think the record fairly supports the above assertions of appellant. As the District Court itself noted, to view these instruments solely as requests for inspections would be to ignore the above quoted provisions thereon which clearly set forth claims for damages. Furthermore, A. J. McCabe, Jr., appellee's agent, testified by deposition that such claims were not

---

[1]. Compare the information given on these instruments with the language of the final telegraphic notice of claim held sufficient in the Blish Milling Co. case, supra, 241 U.S. at page 193, 36 S.Ct. at page 545, which reads as follows:

"We will make claim against railroad for entire contents of car at invoice price. Must refuse shipment as we cannot handle."

filed by his agency unless a shipment had been examined and damage was found to exist for which the carrier was or could be liable. He further testified that he made the claim notation on his agency claim form for his customers at their request and in order to comply with the notice requirement of the bill of lading and to protect them against the statute of limitations. With regard to the "Placement Notice" in C.A. 580, which appellant claims was used as to every car shipment unloaded in New York, appellee introduced similar notices that did not bear such a claim notation on them and one upon which a claim form was added by rubber stamp. There is additional evidence that the delivering carrier, the Pennsylvania Railroad, accepts the type of written instruments relied upon as claims, and further, does not question the agency of the R.P.I.A. to receive them as such. We think the facts and circumstances here involved are sufficient to refute the contention that these instruments were not filed as claims in good faith and in violation of the established custom and practice in the trade. The further objection that an unduly burdensome investigative expense will be visited upon appellant and other rail carriers as a result of upholding the validity of such claims is not controlling here, though we note the absence of any testimony that the investigation of such claims was more expensive for the Pennsylvania Railroad, which authorized the filing of such claims with the R.P. I.A.[2]

■ We do not consider the case of James G. McCarrick Co. v. Thompson, Tex.Civ.App., 227 S.W.2d 832, here controlling as to the validity of these instruments as claims. Appellee contends that in that case the Texas Court of Civil Appeals "did not decide that the statement of protest was insufficient as a claim." While the opinion does contain some language in-

timating that instruments similar to those here involved were not sufficient as claims, the holding is based almost entirely on the lack of evidence to establish the agency of the R.P.I.A. to receive them for the carrier. Apparently only one witness testified in that case with reference to the authority of the R.P.I.A. to receive claims, and his testimony was without dispute that such authority did not exist.[3] However, in the case before us the testimony introduced by appellee, including that of the representative of the inspection agency, and the Articles of Incorporation of the R.P.I.A. all tend to establish the agency of the R.P. I.A. to receive such claims for the delivering carrier. Without detailing the evidence at length, we think the authority of the R.P.I.A. in this regard is clearly established.

There appearing no reversible error in the record, the judgment is,

Affirmed.

2. Admittedly these claims, could properly be filed with the delivering carrier, the Pennsylvania R.R., instead of with appellant, as originating carrier. As for the custom and practice involved, appellant's witness, D. S. Cage, testified that shippers or consignees sometimes filed their claims with the destination and

sometimes with the origin carrier, but that the claim is investigated by the carrier who receives it.

3. The testimony of this witness, Fred Hobbs, in the James G. McCarrick Co. v. Thompson case, supra, was also introduced by stipulation in this case.