## 57246. H & M MOTOR LINES, INC. v. GEORGIA BEST SALES COMPANY.

WEBB, Presiding Judge.

Georgia Best Sales was granted summary judgment on its action for damages occasioned by the loss of 94 cases of Cornish hens which H & M, a carrier, agreed to transport from Tennessee to South Carolina. On appeal H & M challenges the sufficiency of notice under the Interstate Commerce Act (49 USC § 20 (11)), and also insists that the loss was occasioned by an act or default of the shipper within the terms of the bill of lading. We do not agree.

1. The question before us is governed by federal law, Georgia, Florida & Alabama R. Co. v. Blish Milling Co., 241 U.S. 190 (36 SC 541, 60 LE 948) (1915), and federal courts have consistently held notice provisions in bills of lading to be valid conditions precedent to recovery. E.g., Loveless Mfg. Co. v. Universal Carloading & Distributing Co., 225 F2d 637, 639 (10th Cir. 1955). "To satisfy the requirements of Sec. 2(b) [of the Uniform Bill of Straight Lading] the writing need not be in any particular form. It is sufficient if it apprises the carrier that damages have occurred for which reparations are expected, so that the

carrier may make a prompt investigation consistent with the 'practical exigencies of the situation.' Georgia, Fla. & Ala. R. Co. v. Blish, supra; Thompson v. James G. McCarrick Co., 5 Cir., 205 F.2d 897; Insurance Co. of North America v. Newtowne Mfg. Co., supra; Minot Beverage Co. v. Minneapolis & St. Louis R. Co., D.C., 65 F. Supp. 293. Thus the practical construction of Sec. 2(b) has been satisfied by an exchange of telegrams between the shipper and the carrier the last of which claimed damages for the total loss, Georgia, Fla. & Ala. R. Co. v. Blish, supra; by a timely informal letter from the shipper's agent to the carrier stating that a claim 'will be filed against you' on a specified shipment, Minot Beverage Co. v. Minneapolis & St. Louis R. Co., supra; and by writings entitled 'statements of protest' and 'placement notices' filed with the carrier's agent stating damages, identifying the shipment, and containing the notation 'this is consignee's claim', Thompson v. James G. McCarrick Co., supra." Loveless v. Universal Carloading & Distributing Co., 225 F2d 637, 639, supra.

The notice here was given by a letter enclosing copies of a manifest work sheet, a bill of lading and an invoice for the related claim, and requesting that the documents be reviewed so that the matter might be resolved. The attached documents identify the shipment in question and the bill of lading contains the boldface notation "94 cases short." This is sufficient to express the clear intention to claim reimbursement for the loss shown on the bill of lading.

2. H & M also argues that the shortage was never loaded at the Chattanooga loading dock and that this alleged failure to load was an "act or default of the shipper" within the terms of the bill of lading which would avoid any carrier liability for the loss. We do not agree.

The bill of lading recited "WSHE L. CARRIER COUNT," and it is uncontroverted that this language required the carrier to count the actual load as opposed to goods placed on the dock for future loading. If there was a failure to load it should have been discovered by the carrier at the time of loading, since one of the purposes of placing the duty to count on the carrier was because none of the shipper's agents or employees would be present to

see if the truck was in fact loaded with all of the shipment. Thus even assuming that the loss did occur at the loading dock as contended by H & M, that is not an act or default of the shipper which would alleviate the carrier from liability. The duty to count was placed upon the carrier to insure that the actual goods were placed on the truck, and, after signing a bill of lading showing receipt of these goods, the carrier cannot now be heard to dispute its own written acknowledgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED FEBRUARY 23, 1979 — REHEARING DENIED MARCH 8, 1979.

*Deal, Birch, Orr & Jarrard, Stanley F. Birch, Jr.,* for appellant.

*Lawson & Brown, George W. Brown, Jr.,* for appellee.