CHASEZ, Judge.
Plaintiff, Novelty Enterprises, Inc. instituted this action against defendant, Herrin Transportation Co., Inc., to recover $1,000.-00 for damages allegedly caused by defendant in transporting amusement equipment *152 known as “The Kiddy Boat Ride”. Defendant has, subsequent to the time of damage, been taken over by the McLean Trucking Company, which is therefore made party to this action.
The First City Court of New Orleans rendered judgment in favor of defendant on its motion for Summary Judgment. Plaintiff has appealed, asserting that a genuine issue of fact exists and contending that the motion was improperly sustained.
Plaintiff, operating amusement rides, purchased from Allen Herschell Co., a New York concern, a certain attraction known as a “Kiddie Boat Ride”. Consolidated Freightways issuing a Uniform Straight Bill of Lading undertook the transportation of this attraction to New Orleans. Consolidated Freightways transferred the goods to Herrin Transportation Company which ultimately delivered same to the plaintiff on April 1 and April 2, 1969.
Upon receipt of the shipment plaintiff noticed that the amusement ride was delivered in a damaged condition and missing twenty-four fluorescent and flood lights. Plaintiff contacted the defendant by telephone and as a result defendant’s employee inspected the ride and submitted a written inspection report to the defendant.
The Uniform Straight Bill of Lading issued in this case provides that as a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier within nine months after delivery of the property. The above provision is in accord with 49 U.S.C. § 20(11) and is governed by that statute.
Defendant, by affidavit, declared that no written notice of a claim was received by them within the nine month limitation period. Plaintiff, by counter affidavit, deposed that written notice of the damage was given to the defendant by a copy of a letter dated April 5, 1969 addressed to Allen Herschell Company sent to defendant’s claims representative, A1 Stumpf.
In any determination of the issues presented herein, we are guided by the provisions of 49 U.S.C. § 20(11) allowing a nine month period for the filing of claims and/or giving of notice by a claimant against a common carrier. The purpose of this provision is to enable a carrier to have a reasonable opportunity in which to investigate any claim against it and to afford the carrier a chance to determine its validity. Thompson v. James G. McCarrick Co., 205 F.2d 897, (5th Cir., 1952).
Failure to file a damage claim within the time allowed is a complete bar to recovery even though a carrier has knowledge of the loss or damage. Jefferson Mfg. Co. v. Bayou Shoppe, 210 So.2d 912, (La.App., 2d Cir., 1968).
Inherent with this provisa is the question of what constitutes the reasonable giving of notice as contemplated by the statute.
No particular form or formality is required but the notice must be in writing, timely and sufficient in content to alert the carrier that damage has occurred for which reparations are expected. Loveless v. Universal Carloading & Distributing Co., 225 F.2d 637 (10th Cir., 1955). A report prepared by an adjuster or agent for the carrier is not sufficient to constitute notice as required by statute or contract.
We are convinced that the letter of April 5, 1969 sent to Allen Herschell Company would be sufficient notice to afford the defendant carrier knowledge of the loss or damage and of a pending claim, within the meaning and purpose of the notice requirement, had the defendant received the same.
Whether or not plaintiff mailed or defendant received a copy of this letter is a question of fact. A summary judgment can only be granted when there is no genuine issue of material fact. LSA-C.C.P., Article 966. We therefore conclude that *153 the summary judgment was improperly granted by the lower court and therefore remand this case for a determination on the merits.
For the above and foregoing reasons the judgment of the lower court granting a motion for summary judgment is reversed and set aside and the case remanded with directions.
Reversed and remanded with directions.