140 N.J. Super. 560 (1976)
357 A.2d 33
ROLLEI OF AMERICA, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
T.I.M.E. - DC, INC., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 12, 1976.
*562 Mr. Arnold R. Kent for plaintiff.
Mr. Wayne J. Positan for defendant (Messrs. Lum, Biunno & Tompkins, attorneys).
DWYER, J.S.C.
Rollei of America, Inc., a New Jersey corporation (manufacturer), which manufactures and sells cameras, brought suit against T.I.M.E.  DC, INC., an interstate common carrier (carrier) to recover value of two cartons of cameras. Manufacturer shipped seven cartons of cameras to a customer in Michigan on September 26, 1972 under one uniform bill of lading issued by carrier. Section 2(b) of the uniform bill of lading, authorized by 49 U.S.C.A. § 20 (11), limits the time within which claims may be made by the following language:
*563 As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damages, injury or delay occurred, * * * within nine months after delivery of the property * * * or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; * * *. [Suit must be instituted within two years after notice given.] Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.
Five of the seven cartons were delivered to manufacturer's customer on October 4, 1972. The delivery documents noted "2 short." On June 5, 1973 manufacturer, which has an experienced freight department, wrote to carrier enclosing a copy of the delivery receipt and stating:
We shall appreciate your advising us the disposition of these two cartons so that delivery may be substantiated or a claim filed for the missing merchandise.
On June 14, 1973 carrier returned a copy of the letter with the notation
[t]his shtg never cleared, 2 short from our terminal in New York.
On August 21, 1973 manufacturer filed a formal claim for the two cartons of cameras in the amount of $7,975.80.
The latter date was ten months after the date of delivery. Carrier denied the claim. Manufacturer then commenced suit. Carrier answered and set up the separate defense of the limitation of time under § 2(b) of the uniform bill of lading. Carrier then moved for summary judgment. The facts are set forth in affidavit and are not disputed.
The novel question presented is whether the limitation is measurerd by nine months from the date of delivery of the five cartons that were delivered or nine months after a reasonable time for delivery for the two missing cartons. Although the liability of an interstate carrier for loss of, or damage to, goods in an interstate shipment is governed *564 by federal law, Georgia, Fla. & Ala. Ry. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916), neither counsel nor the court found any federal decision on the matter. Research has revealed only one decision of a state court which has passed on the question. Jefferson Mfg. Co. v. Bayou Shoppe, 210 So.2d 912 (La. App. Ct. 1968). There is a subsidiary question of the adequacy of the notice given by manufacturer. See Johnson & Dealaman, Inc. v. Wm F. Hegarty, Inc., 93 N.J. Super. 14 (App. Div. 1966). Notice to file a claim is required, for the mere fact that a carrier may have knowledge of the loss or damage within the appropriate time period is not sufficient to allow recovery against a carrier. Id. Although it must be in writing, that notice does not need to be in any particular form, for the notice requirement is addressed to a practical exigency and should be construed in a practical way. Georgia, Fla. & Ala. Ry. v. Blish Milling Co., supra. The purpose of requiring written notice within the stated time is not merely to give a carrier an opportunity to check out the validity of the claim but to prevent the allowance of damage or missing goods claims from being a vehicle for granting rebates from published tariffs where there would be scant documentation because of lapse of time. See the discussion in Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., supra. The significant factor that must be found is a statement of intent to press a claim within the applicable time period as well as notice of the loss. Id. at 27, and cases there cited.
The notice must indicate an intention to claim reimbursement and adequately identify the shipment in question. Such notice is "sufficient if a carrier cannot draw any inference from it other than that a claim for damages was contemplated, even if the writing does not contain a formal demand for damages." Delaware, L. & W.R. Co. v. United States, 123 F. Supp. 579, 582 (S.D.N.Y. 1954). Notice has been found adequate where a carrier had some written information within time, even though the amount of actual *565 damages was supplied later. Thompson v. James G. McCarrick Co., 205 F.2d 897 (5 Cir.1953); Loveless v. Universal Carloading & Distrib. Co., 225 F.2d 637 (10 Cir.1955).
By its June 5, 1973 letter quoted above, manufacturer informed carrier to either substantiate delivery to the customer so that the customer will pay, or a claim for damages would be filed so that the carrier would pay. By its reply of June 14, 1973 carrier knew that the customer could not be made to pay; hence, the only alternative Manufacturer had was to file a claim.
The court finds that the notice was in writing and, on the facts herein, carrier could draw no inference other than that a claim for damages was contemplated.
In respect to the novel question of whether the time period for filing a claim for the missing cartons is measured from the date of the partial delivery or at the expiration of a reasonable period of time for delivery for the missing goods, the answer depends upon whether delivery within the meaning of the uniform bill of lading provisions has been made. The shipment here was made under one bill of lading. Unless certain essential elements or portions of a shipment do not arrive such that a refusal to accept what did arrive would be appropriate, a delivery has been made. The two missing cartons of cameras did not change the value of the five delivered cartons of cameras or the ability of the cameras in said five cartons to function. The customer accepted delivery of said five cartons. It therefore appears that there had been a delivery, so that notice of claim was required within nine months of that delivery date. Were the alternate standard applicable, inquiry would be necessary to ascertain when a reasonable period for delivery had expired. Several variable factors would have to be considered in making that determination. If one policy of the federal statute is to deter the use of the allowance of damage claims as a vehicle for giving freight rebates, the standard for judging elapsed time *566 should not depend upon variable factors unless it is necessary. Thus the standard employed is consistent with the policy of the statute.
The result reached is consistent with that in Jefferson Mfg. Co. v. Bayou Shoppe, supra. The appellate court there held that the shops third-party claim against an interstate common carrier for a missing carton of slacks from a shipment of two such cartons to plaintiff manufacturer under one uniform bill of lading issued by said carrier was barred by § 2(b) of the uniform bill of lading where claim was not made for the missing carton until after nine months of the date of delivery of the one carton to plaintiff manufacturer. The appellate court concluded:
We do not consider the alternate contention of the third party plaintiff that no delivery was ever made, and, therefore, the nine month period did not begin until after a reasonable time for delivery had elapsed, to be well founded. Both cartons were shipped under one bill of lading and a delivery was effected within the meaning of the word "delivery" as used in the Uniform Bill of Lading. [at 916-917]
Manufacturer's letter of June 5, 1973 did provide adequate notice to carrier of a claim regarding two cartons of a shipment delivered less than nine months before.
Summary judgment denied.